IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

D'ANGELO BROWN,

    Plaintiff,

v.

Melrose Park police officers G. SULLO, C. FOGG and Sgt. RODRIGUEZ, and VILLAGE OF MELROSE PARK,

    Defendants,

Case No. 24-cv-3360

*Jury demanded.*

## COMPLAINT AT LAW

NOW COMES Plaintiff D'ANGELO BROWN, by his attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the defendants G. SULLO, C. FOGG, and Sgt. RODRIGUEZ, as Melrose Park Police Department Officers, and VILLAGE OF MELROSE PARK, and states the following:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Eighth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

1

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## **PARTIES**

4. At all times relevant herein, Plaintiff D′ANGELO BROWN ("D′Angelo") was a resident of the County of Cook, State of Illinois.

5. Defendant SULLO is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant VILLAGE OF MELROSE PARK, and was acting within the scope of his agency, service and/or employment with the VILLAGE OF MELROSE PARK, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant FOGG is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant VILLAGE OF MELROSE PARK, and was acting within the scope of his agency, service and/or employment with the VILLAGE OF MELROSE PARK, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

7. Defendant RODRIGUEZ is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant VILLAGE OF MELROSE PARK, and was

acting within the scope of his agency, service and/or employment with the VILLAGE OF MELROSE PARK, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

8. Defendant VILLAGE OF MELROSE PARK is a government entity operating within the State of Illinois. The VILLAGE OF MELROSE PARK is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, VILLAGE OF MELROSE PARK was the employer of Defendants SULLO, FOGG and RODRIGUEZ.

## FACTUAL ALLEGATIONS

9. On or around September 4, 2022, D'Angelo, his brother Devante, and his nephew were going to a festival at or near 1107 N. 24th Avenue, Melrose Park, Illinois, where he was going to meet his mother and sister.

10. D'Angelo was looking for a place to park when he saw a public parking spot that was being held with cones by residents of the area.

11. D'Angelo's brother, Devante, stepped out of the car and started moving the cones, which resulted in an argument with the residents holding the parking space.

12. Because of the argument, D'Angelo decided to park somewhere else, and then went to the festival.

13. While D'Angelo was enjoying the festival with his family, he felt someone grabbing him from behind.

14. Defendant Rodriguez was the officer who grabbed D'Angelo.

15. Defendants Sullo, Fogg, and Rodriguez did not announce themselves.

16. Eventually, D'Angelo was informed he was under arrest and taken to the police station.

17. Defendant officers claimed they arrested D'Angelo because the individuals who were arguing with D'Angelo and his brother about the parking spot told the police that D'Angelo screamed, "I know where you live, I'm going to shot the block up" while placing his hand in the front of the waistband of his pants.

18. According to the police report, "Both victims stated they witnessed the same incident as the victim described. Both victims also heard D'Angelo state he was going to shot the block."

19. The report lists only one victim, Robert M. Cannan.

20. The report indicates someone named "Kaminski" recorded the incident but was unable to send it to the police because the file was too large.

21. There is no indication the defendant officers ever sought to confirm the existence of or obtain the purported video evidence of the alleged incident.

22. No video evidence was ever produced in court.

23. There is no "Kaminski" listed as a victim.

24. The alleged victims reported an entirely different story to the police dispatcher than the one indicated on the reports.

25. The alleged victims confirmed to the police dispatcher that they observed D'Angelo actually remove a gun from his pants in the car but denied this to the defendant officers.

26. No weapon was ever recovered from D'Angelo, his brother Devante, or the vehicle they were in.

27. The alleged victims were laughing and joking while they gave their statement to the police dispatch.

28. The alleged victims never stated to the police dispatch that D'Angelo threatened to "shot the block up."

29. The MPPD dispatch report indicates that D'Angelo displayed a weapon, but also indicates that Defendant Sullo denied that D'Angelo displayed a weapon, reflecting the inconsistent stories told by the defendants and the alleged victim(s).

30. The MPPD Call for Service report indicates that D'Angelo said, "I'm gonna shoot 'em up".

31. The MPPD dispatch report indicates that a "mb was threatening elderly woman with gun over parking spot".

32. There is no indication in the arrest report that D'Angelo ever threatened an elderly woman.

33. D'Angelo was charged with Disorderly Conduct and Resisting Arrest.

34. D'Angelo was acquitted by a Cook County judge on July 24, 2023.

35. On information and belief, at least one of the alleged "victims" had a personal relationship with at least one of the defendant officers.

## COUNT I – FEDERAL CLAIM
## FALSE ARREST
## DEFENDANTS SULLO, FOGG AND RODRIGUEZ

36. Each paragraph of this Complaint is incorporated as if restated fully herein.

37. Defendants caused D'Angelo to be arrested without probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

38. As a proximate result of Defendants' misconduct, D'Angelo suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT II – FEDERAL CLAIM
## UNLAWFUL DETENTION
## DEFENDANTS SULLO, FOGG AND RODRIGUEZ

39. Each paragraph of this Complaint is incorporated as if restated fully herein.

40. Defendants caused D'Angelo to be detained without probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

41. As a proximate result of Defendants' misconduct, D'Angelo suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT III – FEDERAL CLAIM
## MALICIOUS PROSECUTION
## DEFENDANTS SULLO, FOGG AND RODRIGUEZ

42. Each paragraph of this Complaint is incorporated as if restated fully herein.

43. Defendants initiated and continued criminal charges against D'Angelo without probable cause and with malice, in violation of the Fourth Amendment to the U.S. Constitution.

44. Defendants accused D'Angelo of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against D'Angelo without any probable cause for doing so, in violation of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution.

45. The criminal case against D'Angelo terminated in a manner favorable to D'Angelo and indicative of his innocence.

46. As a proximate result of Defendants' misconduct, D'Angelo suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT IV – STATE CLAIM
## MALICIOUS PROSECUTION
## DEFENDANTS SULLO, FOGG, RODRIGUEZ AND VILLAGE OF MELROSE PARK

47. Each paragraph of this Complaint is incorporated as if restated fully herein.

48. Defendant SULLO, FOGG, and RODRIGUEZ, and VILLAGE OF MELROSE PARK, by and through its agents, Defendants SULLO, FOGG, and RODRIGUEZ, initiated and continued criminal charges against D'Angelo without probable cause and with malice.

49. The criminal case against D'Angelo was dismissed in a manner favorable to D'Angelo and indicative of his innocence.

50. As a proximate result of Defendants' misconduct, D'Angelo suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT V – STATE CLAIM
## INDEMNIFICATION
## DEFENDANT VILLAGE OF MELROSE PARK

51. Each paragraph of this Complaint is incorporated as if restated fully herein.

52. At all relevant times, VILLAGE OF MELROSE PARK was the employer of Defendants SULLO, FOGG, and RODRIGUEZ.

53. Defendants SULLO, FOGG, and RODRIGUEZ committed the acts alleged above under color of law and in the scope of their employment as employees of the VILLAGE OF MELROSE PARK.

54. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

55. Should Defendants SULLO, FOGG, and RODRIGUEZ, be found liable on one or more of the claims set forth above, Plaintiff D'ANGELO BROWN demands, pursuant to Illinois law, that their employer, Defendant VILLAGE OF MELROSE PARK, be found liable for any judgment plaintiff obtains against Defendants SULLO, FOGG, and RODRIGUEZ, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

### PRAYER FOR RELIEF (ALL COUNTS)

For the foregoing reasons, the Plaintiff D'ANGELO BROWN, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

### JURY DEMAND

The Plaintiff D'ANGELO BROWN, requests a trial by jury.

**DATED:** April 25, 2024

Respectfully submitted,

D'ANGELO BROWN

/s/ Jordan Marsh
*Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH, LLC**
5 Revere drive Suite 200
Northbrook, IL 60062
(224) 220-9000
jordan@jmarshlaw.com

8